## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-02259-CMA-CBS

**DEBORAH K. FRANK,**

    Plaintiff,

v.

**AMFIRST BANK, NATIONAL ASSOCIATION,**
a Nebraska corporation,

    Defendant.

## ANSWER

Defendant, AmFirst Bank, N.A. ("Defendant" or "AmFirst Bank"), by and through its undersigned attorneys, states as follows for its Answer to the Complaint (the "Complaint") filed by Plaintiff Deborah Frank ("Plaintiff"):

### NATURE OF ACTION

In response to the allegations contained in unnumbered paragraph titled "Nature of Action" AmFirst Bank admits that Plaintiff brings this action for damages pursuant to Title VII, 42 U.S.C. § 2000e, but denies that Plaintiff is entitled to such relief and denies the remaining allegations contained in said paragraph.

### PARTIES

1.    AmFirst Bank admits the allegations contained in paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, AmFirst Bank admits that it is an "employer" as defined in Title VII, 42 U.S.C. § 2000 *et seq.* and that it is doing business in Colorado. AmFirst Bank denies the remaining allegations contained in the paragraph.

3. In response to paragraph 3 of the Complaint, AmFirst Bank admits that Plaintiff was employed by AmFirst Bank from April 21, 2008 until March 21, 2011 and denies the remaining allegations contained in the paragraph.

## JURISDICTION

4. AmFirst Bank admits the allegations contained in paragraph 4 of the Complaint.

## ADMINISTRATIVE PROCEDURES

5. In response to the allegations contained in paragraph 5 of the Complaint, AmFirst Bank admits that Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on May 24, 2011, and states that said Charge speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

6. In response to paragraph 6 of the Complaint, AmFirst Bank admits Plaintiff received a Notice of Right to Sue dated June 28, 2013 and that that this lawsuit was filed within 90 days of June 28, 2013.

## FACTUAL ALLEGATIONS

7. Paragraph 7 of the Complaint is a general incorporation paragraph to which no response is required. Nevertheless, in response to said paragraph, AmFirst Bank incorporates its admissions, denials and affirmative defenses as if set forth fully herein.

8. In response to paragraph 8 of the Complaint, AmFirst Bank admits that Plaintiff was hired as a Loan Assistant and remained a loan assistant until her resignation.

9. AmFirst Bank admits the allegations contained in paragraph 9 of the Complaint.

10. AmFirst Bank denies each and every allegation contained in paragraph 10 of the Complaint.

11. AmFirst Bank denies each and every allegation contained in paragraph 11 of the Complaint.

12. In response to paragraph 12, AmFirst Bank admits that it has an Employee Handbook and states that the document speaks for itself.

13. In response to the allegations contained in paragraph 13 of the Complaint, AmFirst Bank admits that Ed Lister began working for AmFirst Bank on or around August 1, 2008, but is without information or knowledge as to whether Mr. Lister is the "gentleman" referred to by Plaintiff in paragraph 13 of the Complaint. AmFirst Bank denies the remaining allegations contained in said paragraph.

14. AmFirst Bank denies each and every allegation contained in paragraph 14 of the Complaint.

15. AmFirst Bank denies each and every allegation contained in paragraph 15 of the Complaint.

16. AmFirst Bank denies each and every allegation contained in paragraph 16 of the Complaint.

17. AmFirst Bank denies each and every allegation contained in paragraph 17 of the Complaint.

18. AmFirst Bank denies each and every allegation contained in paragraph 18 of the Complaint.

19. AmFirst Bank denies each and every allegation contained in paragraph 19 of the Complaint.

20. AmFirst Bank denies each and every allegation contained in paragraph 20 of the Complaint.

21. AmFirst Bank denies each and every allegation contained in paragraph 21 of the Complaint.

22. AmFirst Bank denies each and every allegation contained in paragraph 22 of the Complaint.

23. AmFirst Bank denies each and every allegation contained in paragraph 23 of the Complaint.

24. In response to the allegations contained in paragraph 24 of the Complaint, AmFirst Bank admits that Bob Callis gave Plaintiff a gift card. AmFirst denies the remaining allegations in said paragraph.

25. AmFirst Bank denies each and every allegation contained in paragraph 25 of the Complaint.

26. AmFirst Bank denies each and every allegation contained in paragraph 26 of the Complaint.

27. AmFirst Bank denies each and every allegation contained in paragraph 27 of the Complaint.

28. AmFirst Bank denies each and every allegation contained in paragraph 28 of the Complaint.

29. AmFirst Bank denies each and every allegation contained in paragraph 29 of the Complaint.

30. In response to the allegations contained in paragraph 30 of the Complaint, AmFirst Bank admits that on or about September 15, 2010, Bob Callis sent an email to staff

regarding the bank's lunch policy and that Plaintiff was one of the recipients of that email. AmFirst Bank states that the email speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

31. AmFirst Bank denies each and every allegation contained in paragraph 31 of the Complaint.

32. AmFirst Bank denies each and every allegation contained in paragraph 32 of the Complaint.

33. In response to the allegations contained in paragraph 33 of the Complaint, AmFirst Bank admits that on or about October 13, 2010, Plaintiff called Mary Drey and stated that she would not be coming into work because of a threatening situation.

34. AmFirst Bank denies each and every allegation contained in paragraph 34 of the Complaint.

35. In response to the allegations contained in paragraph 35 of the Complaint, AmFirst Bank admits that Mark Korell and Mary Drey received a letter from Plaintiff on or about October 18, 2010, and states that the letter speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

36. AmFirst Bank denies each and every allegation contained in paragraph 36 of the Complaint.

37. In response to the allegations contained in paragraph 37 of the Complaint, AmFirst admits that Plaintiff sent Mary Drey a letter dated October 19, 2010, and states that said letter speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

38. AmFirst Bank admits the allegations contained in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, AmFirst Bank admits that when Plaintiff returned to work she was given a different reporting structure and was directed to report to Ms. Costello. AmFirst Bank denies the remaining allegations contained in said paragraph.

40. AmFirst Bank denies each and every allegation contained in paragraph 40 of the Complaint.

41. In response to the allegations in paragraph 41 of the Complaint, AmFirst Bank admits that on or about November 8, 2010, Bob Callis was given a documented verbal warning and states that the document speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

42. In response to the allegations in paragraph 42 of the Complaint, AmFirst Bank admits that on or about November 8, 2010, Bob Callis was given a documented verbal warning and states that the document speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

43. AmFirst Bank denies each and every allegation contained in paragraph 43 of the Complaint.

44. AmFirst Bank denies each and every allegation contained in paragraph 44 of the Complaint.

45. In response to the allegations contained in paragraph 45 of the Complaint, AmFirst Bank admits that on or around January 6, 2011 Costello emailed Plaintiff, and states that the email speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

2004428248_1

46. In response to the allegations contained in paragraph 46 of the Complaint, AmFirst Bank admits that on March 1, 2011, Plaintiff emailed Costello, and states that the email speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

47. In response to the allegations contained in paragraph 47 of the Complaint, AmFirst Bank admits that on or about March 18, 2011, Plaintiff received a performance appraisal, and states that the document speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

48. AmFirst Bank denies each and every allegation contained in paragraph 48 of the Complaint.

49. In response to the allegations contained in paragraph 49 of the Complaint, AmFirst Bank admits that it has a harassment prevention policy, and states that the document speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

50. In response to the allegations contained in paragraph 50 of the Complaint, AmFirst Bank admits that it has a harassment prevention policy, and states that the document speaks for itself. AmFirst Bank denies the remaining allegations contained in said paragraph.

**FIRST CLAIM**
**(Gender Discrimination 42 U.S.C. 2000e-2(a))**

51. Paragraph 51 of the Complaint is a general incorporation paragraph to which no response is required. Nevertheless, in response to said paragraph, AmFirst Bank incorporates its admissions, denials and affirmative defenses as if set forth fully herein.

52. AmFirst Bank admits the allegations contained in paragraph 52 of the Complaint.

53. AmFirst Bank admits the allegations contained in paragraph 53 of the Complaint.

54. AmFirst Bank denies each and every allegation contained in paragraph 54 of the Complaint.

55. AmFirst Bank denies each and every allegation contained in paragraph 55 of the Complaint.

56. AmFirst Bank denies each and every allegation contained in paragraph 56 of the Complaint.

57. AmFirst Bank denies each and every allegation contained in paragraph 57 of the Complaint.

## SECOND CLAIM
### (Retaliation in Violation of Title VII)

58. Paragraph 58 of the Complaint is a general incorporation paragraph to which no response is required. Nevertheless, in response to said paragraph, AmFirst Bank incorporates its admissions, denials and affirmative defenses as if set forth fully herein.

59. AmFirst Bank denies each and every allegation contained in paragraph 59 of the Complaint.

60. AmFirst Bank denies each and every allegation contained in paragraph 60 of the Complaint.

61. AmFirst Bank denies each and every allegation contained in paragraph 61 of the Complaint.

62. AmFirst Bank denies each and every allegation contained in paragraph 62 of the Complaint.

63. AmFirst Bank denies each and every allegation contained in paragraph 63 of the Complaint.

64. AmFirst Bank denies each and every allegation contained in the Complaint that is not expressly admitted herein.

## PRAYER FOR RELIEF

AmFirst Bank denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the defenses set forth above, AmFirst Bank asserts the following affirmative defenses to the Plaintiff's Complaint:

1. Plaintiff's Complaint should be dismissed in whole or in part under Rule 12(b)(6) for failing to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate her damages, if any.

3. AmFirst Bank's conduct as it related to Plaintiff was reasonable and taken in good faith.

4. Plaintiff has failed to exhaust her administrative remedies and/or statutory prerequisites prior to filing this lawsuit.

5. Some or all of Plaintiff's claims are untimely and/or barred, in whole or in part, by the applicable statutes of limitation.

6. Plaintiff has been the cause of her own damages, if any.

7. Plaintiff's claim for damages or injuries, if any, arising out of or in the course of her employment, are barred in whole or in part by the exclusive remedy provisions of the Colorado Worker's Compensation Act.

8. AmFirst Bank exercised reasonable care to prevent and/or promptly correct actionable behavior of which it was made aware, and Plaintiff unreasonable failed to take

advantage of any preventative or corrective opportunities provided by the Bank or otherwise failed to avoid harm.

9.     AmFirst Bank fully and fairly investigated the allegations made by Plaintiff and took prompt and appropriate action.

10.    AmFirst Bank reserves the right to add additional affirmative defenses, as appropriate, upon the completion of discovery.

DATED:   October 16, 2013.

> s/ Susan S. Sperber
> Susan S. Sperber
> LEWIS ROCA ROTHGERBER LLP
> 1200 Seventeenth Street, Suite 3000
> Denver, CO  80202
> Tel: 303.623.9000
> Fax: 303.623.9222
> ssperber@lrrlaw.com
>
> *Attorneys for Defendant AmFirst Bank, National Association*

Address of Defendant:
5201 S Yosemite St., Suite 100
Greenwood Village, CO 80111-2845

# **CERTIFICATE OF SERVICE**

  I hereby certify that on the 16th day of October, 2013, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

 Elwyn F. Schaefer
 Sara A. Green
 Elwyn F. Schaefer, P.C.
 1801 Broadway, Suite 550
 Denver, CO 80202
 elwyn.schaefer@qwestoffice.net

              s/ Susan S. Sperber
              Susan S. Sperber
              LEWIS ROCA ROTHGERBER LLP
              1200 Seventeenth Street, Suite 3000
              Denver, CO  80202
              Tel: 303.623.9000
              Fax: 303.623.9222
              ssperber@lrrlaw.com